UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JORGE I. BELTRAN,

    Plaintiff,                               Civil Action No.: 13-cv-11764

    v.                                     District Judge Gershwin A. Drain

                                         Magistrate Judge Mona K. Majzoub

SHERON MCLEAN, et al.,

    Defendants.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL [12] AND GRANTING PLAINTIFF'S
MOTION TO COMPEL [22]

This matter comes before the Court on Defendants Sheron and Mark McLean's Motion to Compel Depositions and Discovery (Docket no. 12), and Plaintiff Jorge I. Beltran's Motion to Compel Depositions and Extend the Discovery Cutoff Date (Docket no. 22). Plaintiff filed a Response to Defendants' Motion (Docket no. 15), and Defendants filed a Response to Plaintiff's Motion (Docket no. 24). The parties also filed a Joint Statement of Unresolved Issues with regard to Defendants' Motion to Compel Depositions and Discovery. (Docket no. 23.) The motions have been referred to the undersigned for consideration.[1] (Docket nos. 13 and 27.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    **Background**

---

[1] The portion of Plaintiff's Motion to Extend the Discovery Cutoff Date was not referred to the undersigned as the Honorable Gershwin A. Drain granted this motion on March 10, 2014. (Docket nos. 25 and 26.)

On April 19, 2013, Plaintiff filed a complaint alleging that Defendants posted a paragraph containing false and derogatory statements about him on an Internet website. (*See* docket no. 1 at 4.) Plaintiff is suing Defendants for defamation, intentional infliction of emotional distress, invasion of privacy, concert of action, and civil conspiracy. (*Id.* at 5-10.)

During the course of discovery, Defendants served Plaintiff with Defendants' Interrogatories and Requests for Production of Documents. (*See* docket no. 12 at 7.) After receiving a 14-day extension to respond, Plaintiff failed to do so. (*Id.*) Defendants also served Plaintiff with a Notice of Taking Video Deposition Duces Tecum of Plaintiff for a deposition date of September 20, 2013. (*Id.*) Due to scheduling issues, Defendants sent an Amended Notice to Plaintiff, which rescheduled Plaintiff's deposition for October 1, 2013. (*Id.* at 7-8.) Defendants later learned that Plaintiff was not available to proceed with his deposition on that date and asked Plaintiff to provide alternative dates on which he would be available. (Docket no. 12-3.) According to Defendants, Plaintiff did not respond with alternative deposition dates. (Docket no. 12 at 8.) As a result, on October 23, 2013, Defendants filed a Motion to Compel Depositions and Plaintiff's Answers to Defendants' First Discovery Requests to Plaintiff. (Docket no. 12.)

Plaintiff filed a Response to Defendants' Motion to Compel on October 30, 2013. (Docket no. 15.) The Response only addresses the portion of Defendants' Motion regarding discovery; it does not address the portion of Defendants' Motion regarding depositions. (*See id.*) In the Response, Plaintiff's counsel explained that he was late in responding to Defendants' discovery requests due to circumstances "beyond his control and due to health issues." (*Id.* at 2.) He also indicated that he served Plaintiff's Responses to Defendants' Interrogatories and Requests for Production on the same date as the Response to Defendants' Motion. (*Id.* and *see* Docket no. 15-3.)

On January 13, 2014, the Court ordered the parties to file a Joint Statement of Resolved and

Unresolved Issues related to Defendants' Motion to Compel by January 21, 2014. Plaintiff filed a Joint Statement on January 21, 2014 (Docket no. 18) to which Defendants filed an objection the next day, January 22, 2014 (Docket no. 19). The Court struck both of these documents from the record on January 22, 2014 and ordered the parties to file an Amended Joint Statement of Resolved and Unresolved Issues by January 31, 2014. That same day, January 22, 2014, Plaintiff filed another Joint Statement. (Docket no. 20.) On January 27, 2014, Defendants objected to the second Joint Statement filed by Plaintiff, asserting that Plaintiff unilaterally filed the Statement without the permission of Defendants and that it is the same exact Statement as the first one Plaintiff filed. (Docket no. 21 at 2.) Ultimately, on February 7, 2014, the parties filed a Joint List of Unresolved Issues with regard to Defendants' Motion to Compel. (Docket no. 23.)

Prior to the filing of the Joint Statement, on the discovery deadline of February 3, 2014, Plaintiff filed a Motion to Compel Production of Defendants for Depositions and to Extend the Discovery Cutoff Date. (Docket no. 22.) Defendants responded to Plaintiff's Motion on February 13, 2014, asserting that adjustment of the Scheduling Order was necessary in light of the outstanding discovery at issue, and seeking sanctions in the amount of $5,000.00. (Docket no. 24 at 8-9.) On March 10, 2014, the Honorable Gershwin A. Drain granted Plaintiff's Motion to Compel Depositions and Extend the Discovery Cutoff Date. (Docket no. 25.) Then, on March 12, 2014, Judge Drain rescinded the portion of his order granting Plaintiff's Motion to Compel Depositions and referred it to the undersigned while maintaining the portion of his order granting Plaintiff's Motion to Extend the Discovery Cutoff Date. (Docket no. 26.)

## II. Governing Law

### A. Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite

broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of the Court, subject to certain exceptions. Fed.R.Civ.P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

**B.    Protective Order**

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party

or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had, or that the disclosure or discovery be limited to certain matters. Fed.R.Civ.P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir.2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *Id.*

### III.     Analysis

#### A.     Defendants' Motion to Compel Depositions and Discovery [12]

Defendants filed a Motion to Compel Depositions and Discovery on October 23, 2013. (*See* docket no. 12.) On October 30, 2013, Plaintiff filed a Response to Defendants' Motion Compel and responded to Defendants' Interrogatories and Requests for Production. (*See* docket no. 15.) At that point, Defendants' Motion to Compel Discovery became moot. Plaintiff's Response, however, did not address Defendants' Motion to Compel Depositions. (*See id.*) According to the parties in their Joint Statement filed on February 7, 2014, the unresolved issues with regard to Defendants' Motion to Compel are: (1) whether Plaintiff's responses to Defendants' Requests for Production (RFPs) nos. 5, 9, and 10 are sufficient; (2) the content of a proposed protective order as it relates to requests for confidential documents or other sensitive information; (3) the location of Plaintiff's deposition; and (4) whether Defendants are entitled to sanctions. (Docket no. 23 at 1-2.) The unresolved issues in the Joint Statement are simply presented in a numbered list; neither Plaintiff nor Defendants have offered any substantive arguments regarding their positions on the issues.

##### 1.     Plaintiff's Responses to Defendants' Requests for Production Nos. 5, 9, and 10

The first issue in the parties' Joint Statement of Unresolved Issues is whether the Plaintiff's responses to Defendants' Requests for Production nos. 5, 9, and 10 are adequate. (*Id.* at 1.) The

content of Plaintiff's Responses to Defendants' RFPs is not a matter before this Court because it is not the subject of Defendants' Motion to Compel. (*See* Docket no. 12.) In fact, Defendants' Motion to Compel seeks an order compelling Plaintiff to provide an initial response to Defendants' Interrogatories and Requests for Production. (*Id*. at 8.) Plaintiff responded to Defendants' discovery requests on October 30, 2013. (*See* Docket no. 15-3.) If Defendants found any of Plaintiff's responses deficient, they should have filed a separate motion at that time rather than address the issue in the parties' Joint Statement related to their original Motion to Compel.

The Court will, nevertheless, address this issue in the interests of expediency and judicial economy. Defendants' Requests for Production nos. 5 and 10 ask Plaintiff to produce various tax and medical records. (Docket no. 23-1 at 6, 8.) Plaintiff objected to the requests but agreed to produce the documents subject to a proposed protective order sent to Defendants' counsel for approval. (*Id*.) These two RFPs will be addressed in the next section.

Defendants' Request for Production no. 9 states:

Please produce any and all records that support your claim that prospective clients or employers viewed the Internet posting on the Cafemom website and failed [to] hire and/or retain your professional services as a result.

(*Id*. at 8.) Plaintiff responded, "See attached. Posting itself with 225 'hits' and Google searches." (*Id*.) The attachment Plaintiff refers to in his response is not part of the record and the Court will not speculate as to what exactly Plaintiff produced. Thus, the Court will order Plaintiff to produce any additional documents in his possession and/or control that are responsive to Defendants' RFP no. 9 within 21 days of this order. If this matter proceeds to trial, Plaintiff will be barred from introducing any documents responsive to this request that are not produced in accordance with this order.

**2.     Content of Protective Order**

The parties' second unresolved issue presented in their Joint Statement is the content of a protective order as it relates to requests for confidential documents or other sensitive information. (Docket no. 23 at 1.) Both parties have attached their proposed and counter-proposed protective orders to their Joint Statement for the Court's consideration. (*See* Docket nos. 23-2 and 23-3.) The content of a protective order is not a matter before this Court because it is not an issue presented in Defendants' Motion to Compel. (*See* Docket no. 12.) Furthermore, neither party has filed a Motion for Protective Order in this matter.

Prior to the Joint Statement, the only time a protective order was mentioned in the record is in an exhibit attached to Plaintiff's Response to Defendants' Motion to Compel. (*See* Docket no. 15-3.) This exhibit is the cover letter of Plaintiff's Responses to Defendants' Interrogatories and Requests for Production. (*See id.*) In this cover letter, Plaintiff's counsel indicates that he has enclosed a proposed protective order for Defendants' review and that once the protective order is filed with the court, Plaintiff will produce the documents requested in Defendants' Requests for Production nos. 5 and 10. (*Id.*)

As discussed above, neither the content of Plaintiff's responses to Defendants' RFPs, nor the content of the proposed protective orders is before the Court. However, in the interests of expediency and judicial economy, the Court will consider these issues. Defendants' RFP no. 5 requests copies of Plaintiff's 2009-2012 tax returns. (Docket 23-1 at 6.) Defendants' RFP no. 10 requests copies of any records that confirm any treatment or consultation that Plaintiff sought or received for substance abuse problems over the past 20 years. (*Id.* at 8.) In his responses to these two RFPs, Plaintiff agreed to produce any responsive documents in his possession subject to a protective order. (*Id.* at 6, 8.)

Tax records and medical records inherently contain confidential and sensitive information

which Plaintiff would reasonably like to remain private. Thus, the Court will order that Plaintiff and Defendants submit a joint proposed protective order within 7 days that requires redaction of any highly sensitive and confidential information from such documents; that limits the use of such documents to this litigation; that limits the availability and knowledge of the documents to the attorneys of record, their support staff, and their experts and witnesses; and that allows for the use of such documents if this matter proceeds to trial. The Court will further order Plaintiff to produce all documents responsive to Defendants' Requests for Production nos. 5 and 10 within 21 days of this order.

### 3. Location of Plaintiff's Deposition

The third unresolved issue presented in the parties' Joint Statement is whether Plaintiff's deposition shall take place in Michigan or in Texas, Plaintiff's state of residence. (Docket no. 23 at 2.) "It is within the discretion of the court to designate the location for a taking of depositions, and each application must be considered on its own facts and equities." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (*citing Terry v. Modern Woodman of America*, 57 F.R.D. 141 (W.D.Mo.1972)). Generally, a plaintiff will be required to make himself available for deposition in the district where he filed suit absent a showing of circumstances that would constitute an unreasonable hardship to the plaintiff. *See generally Atifah v. Union Sec. Ins. Co.*, No. 08-10042, 2008 WL 2714459, at *1 (E.D. Mich. July 8, 2008) (citations omitted).

Plaintiff resides in Texas but has not presented any evidence of circumstances that would make it unreasonably difficult for him to appear in Michigan for his deposition; notably, Plaintiff has not articulated even a colorable argument to explain his position. Furthermore, Plaintiff has at no time filed an objection to being deposed in Michigan. Therefore, the Court will order Plaintiff to make himself available to be deposed in Michigan on a date and time convenient to the parties,

but before the close of discovery.

### 4. Sanctions

The final issue listed in the parties' Joint Statement of Unresolved Issues is whether Defendants are entitled to sanctions in the amount of $2,500 as requested in their Motion to Compel. (Docket no. 23 at 2.) Defendants assert that they had no other option but to file the Motion to Compel due to Plaintiff's continuous failures to comply with their discovery requests. (Docket no. 12 at 8.) Plaintiff's counsel contends that he was unable to properly respond to Defendants' discovery requests due to vacation, health issues, and circumstances beyond his control. (Docket no. 15 at 2.)

The Court grants Defendants' Motion to Compel Depositions. Furthermore, Plaintiff submitted his responses to Defendants' discovery requests after Defendants filed the Motion, without substantial justification. Thus, the Court will order Plaintiff to pay Defendants' reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). The Court will also, therefore, order Defendants to submit a Bill of Costs.

### B. Plaintiff's Motion to Compel Depositions [22]

Plaintiff filed a Motion to Compel Production of Defendants for Depositions and to Extend the Discovery Cutoff Date on February 3, 2014, the original discovery cutoff date. (*See* Docket no. 22). As noted above, the portion of Plaintiff's Motion to Extend the Discovery Cutoff Date was not referred to the undersigned. Defendants do not oppose Plaintiff's Motion, but contend that they are entitled to sanctions in the amount of $5,000 due to Plaintiff's "inexcusable delay" during the discovery period. (Docket no. 24 at 9.)

Based on a review of the pleadings, the Court will order Defendants to make themselves available for depositions on a date and time convenient to the parties, but before the close of

discovery. The Court will deny Defendants' request for costs and sanctions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel [12] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.    Defendants' Motion to Compel Depositions is GRANTED and Plaintiff must make himself available to be deposed in Michigan on dates and times convenient to the parties, but before the close of discovery; and

    b.    Defendants' Motion to Compel Discovery is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Depositions [22] is **GRANTED**. Defendants must make themselves available for depositions on a date and time convenient to the parties, but before the close of discovery.

**IT IS FURTHER ORDERED** with regard to the issues presented in the parties' Joint Statement of Unresolved Issues that:

    a.    Plaintiff must produce any additional documents in his possession that are responsive to Defendants' Request for Production no. 9 within 21 days of this Opinion and Order; and

    b.    As to Defendants' Requests for Production nos. 5 and 10, Plaintiff and Defendants must submit a joint proposed protective order within 7 days of this order that requires redaction of any personal and confidential information from the documents requested; that limits the use of such documents to this litigation; that limits the availability and knowledge of the documents to the attorneys of record, their support staff, and their experts and witnesses; and that allows for the use of such documents if this matter proceeds to trial. Also, Plaintiff must produce all documents responsive to Defendants' Requests for Production nos. 5 and 10 within 21 days of this Opinion

and Order.

**IT IS FURTHER ORDERED** that Plaintiff must pay the reasonable expenses and attorney's fees incurred by Defendants as a result of bringing their instant Motion. Defendants are ordered to submit to the Court a Bill of Costs itemizing the same within 21 days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiff is liable.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 21, 2014            s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 21, 2014            s/ Lisa C. Bartlett
                                 Case Manager